MILLER MATHERSON and another *vs.* JOHN W. WILKINSON.

Cumberland.    Opinion February 24, 1887.

*Partnership. Assignee of partnership affairs. R. S., c. 69, §§ 1-4.*

The provisions of R. S., c. 69, §§ 1-4, relating to the settlement of the estates of deceased partners, do not apply to an account sued in the name of surviving parties for the benefit of one partner to whom the account was assigned by the partnership during the lifetime of all the partners.

ON exceptions to the rulings of the judge of the superior court.

The opinion states the material facts.

*David W. Snow,* for the plaintiffs.

*C. W. Goddard,* for the defendants.

PETERS, C. J. The amended pleadings admit these facts: The two plaintiffs, non-residents of this State, surviving partners of a third person, sue the defendant, also a non-resident, on an account annexed to the writ. The suit is prosecuted for the benefit of one of the plaintiffs, who owns the claim in suit by an assignment from the partnership during the lifetime of all the partners.

It is objected, that the suit is forbidden by our statutes applicable to the settlement of partnership estates after the death of one of the partners.

It may be, as responded to this objection by the plaintiff, that such statutes do not apply to the concerns of a partnership existing and carried on out of our State. We pass that point, as not necessary to the decision of the present case.

The other point relied on by the plaintiffs in justification of the suit, we think must prevail; that is, that the action may be maintained because the account does not belong to the firm but to an assignee. There is no reason, as between a partnership and its debtors, why the partners may not assign their claim to one of themselves. It is a common thing for one partner to purchase of his associates. The partners could sell an account as well as any other assets. This account could have been sued in the name of the assignee, by observing the requirement imposed on assignees in such cases. Section 1, c. 69, R. S., makes a provision for the settlement of " the property of the partnership." This debt is not now the property of the partnership, though sued in its name. The partners do not own the claim after selling and assigning it.

The defendant objects that the writ does not disclose that the suit is for the benefit of an assignee. We think it does, but it need not. The fact was pleaded when it became necessary, and the defendant was at liberty to admit or deny it. His demurrer admits it.

*Exceptions sustained.*

WALTON, VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.